B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Eva S. Engelhart, Chapter 7 Trustee | **DEFENDANTS**<br>Vladimir Bellon |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Matthew B. Probus<br>1 Sugar Creek Ctr. Blvd. #880<br>Sugar Land, Texas 77478 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoid fraudulent transfer under Tex. Bus. & Comm. Code, section 24.005(a)(1) and (2)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(4) – Objection/Revocation of Discharge**
**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Francois Stanislas Bellon | BANKRUPTCY CASE NO.<br>20-33214 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of Texas | DIVISION OFFICE<br>Houston Division | NAME OF JUDGE<br>Hon. Marvin Isgur |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>   //s// Matthew B. Probus | | |
| DATE<br><br>2/3/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Matthew B. Probus | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| FRANCOIS STANISLAS BELLON, | § § § | Case No. 20-33214 (MI) (Chapter 7) |
| Debtor. | § § | |
| EVA S. ENGELHART, CHAPTER 7 TRUSTEE, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | Adv. Pro. No. _____ |
| VLADIMIR BELLON, | § § § | |
| Defendant. | § | |

**TRUSTEE'S ORIGINAL COMPLAINT
TO AVOID FRAUDULENT TRANSFER**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

COMES NOW, EVA S. ENGELHART, CHAPTER 7 TRUSTEE (the "Trustee" or the "Plaintiff"), and files this Trustee's Original Complaint to Avoid Fraudulent Transfer, and for cause of action would show as follows:

**I.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has the Constitutional authority to enter a final order in this matter, because it is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (H). If it is determined that this Court does not have such authority, the Trustee consents to entry of a final order.

1

## II.

## PARTIES

2. The Plaintiff, Eva S. Engelhart, Chapter 7 Trustee, is an individual residing and doing business in Houston, Harris County, Texas and is serving as the Chapter 7 Trustee of the Estate of Francois Stanislas Bellon.

3. The Defendant, Vladimir Bellon (the "Defendant"), is an individual, and may be served by serving him at his principal place of residence located at LaHuerta 70947, Mazunte, Oax., Mexico, or wherever he may be found, pursuant to the requirements of the Hague Convention using a summons that has been modified to perfect service under those requirements.

## III.

## RELIEF REQUESTED

4. The Trustee seeks to avoid a transfer of shares of stock made by Francois Stanislas Bellon (the "Debtor") to the Defendant as a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B) and Tex. Bus. & Comm. Code, § 24.005(a)(2).

## III.

## BACKGROUND FACTS

5. On August 17, 2017, the Debtor filed his voluntary petition under Chapter 11 of the Bankruptcy Code.  On September 22, 2017, the Debtor filed his statement of financial affairs in that case.  On item 18 of the statement of financial affairs the Debtor identified a transfer of 350,000 shares of stock in a company named SODEXO with a value of $40,000,000.00 to the Defendant, the Debtor's brother, for no consideration.

6. On June 26, 2020, an involuntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code was filed against the Debtor.  On September 11, 2020, this Court entered the

order for relief.  Eva S. Engelhart was appointed to serve as the Chapter 7 Trustee of the Debtor's Chapter 7 estate.

## IV.

## CLAIMS AND CAUSES OF ACTION

7. The Trustee seeks to avoid the transfer of 350,000 shares of stock in SODEXO valued at approximately $40,000,000.00 from the Debtor to the Defendant as a fraudulent transfer under Tex. Bus. & Comm. Code, § 24.005(a)(1) and (2).  The Debtor made the transfer with actual intent to hinder, delay, or defraud creditors of the Debtor.  Alternatively, the Debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the Debtor was engaged or was about to engage in business or transactions for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.  Alternatively, the Debtor made each of the transfer without receiving a reasonably equivalent value in exchange for the transfer and the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond the Debtor's ability to pay as they became due.  As such, the transfer is a fraudulent transfer under Tex. Bus. & Comm. Code, § 24.005(a)(1) and (2).

8. The Plaintiff seeks, under Tex. Bus. & Comm. Code, § 24.008, avoidance of the transfer, a money judgment for the value of the shares of the transfer, and an attachment or other provisional remedy against other property of the Defendant in accordance with the Federal or Texas Rules of Civil Procedure relating to ancillary proceedings.

9. The Plaintiff has been forced to hire counsel to represent her in prosecuting these claims.  The Plaintiff seeks an award of her costs and attorney's fees that are equitable and just, pursuant to Tex. Bus. & Comm. Code, § 24.013.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, EVA S. ENGELHART, CHAPTER 7 TRUSTEE, respectfully requests that after trial on the merits before the bench, she recover judgment over and against the Defendant for the following:

1. Order avoiding as fraudulent the transfer of 350,000 shares of stock in SODEXO from the Debtor to the Defendant;

2. Actual damages;

3. Attorney's fees as are equitable and just;

4. Attachment or other provisional remedy against other property of the Defendant in accordance with the Federal or Texas Rules of Civil Procedure relating to ancillary proceedings.

5. Prejudgment and post-judgment interest as allowed by law; and

6. Costs of Court.

Respectfully submitted,

**WAUSON | PROBUS**

By: ___/s/ *Matthew B. Probus*_____
    **Matthew B. Probus**
    State Bar No. 16341200
    Federal I.D. No. 10915

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)
mbprobus@w-plaw.com

*COUNSEL FOR PLAINTIFF,*
*EVA S. ENGELHART, CHAPTER 7 TRUSTEE,*